UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COREY A MCDOWELL BEY,

    Plaintiff,

vs.                        Case No. 2:12-cv-330-FtM-29SPC

CAPT. EDWARDS, SGT. MORRETTE, and
FOUR (4) UNKNOWN OFFICERS OF
CHARLOTTE CORRECTIONAL INSTITUTION
OF FLORIDA,

    Defendants.
_____

**ORDER**

This matter comes before the Court upon review of Plaintiff's "motion for reconsideration" (Doc. #14) and "motion for clerk's assistance" (Doc. #15), filed September 6, 2012.

Based on the time frame in which Petitioner filed his motion for reconsideration, the Court construes the Motion as filed pursuant to Fed. R. Civ. P. 60. Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment under specific circumstances such as: "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The standard under section (b)(1) for excusable neglect is a demanding one, and routine lack of carelessness or a party's misunderstanding of the consequences of his actions does not suffice. Federal Civil Rules Handbook, Rule 60, Reason 1 at 1185 (2011). The four factors to

consider in determining whether excusable neglect is appropriate include: "the danger of prejudice to the opposing party, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1355 (11th Cir. 2009)(citing Pioneer Inv. Servs. Co. v. Brunswick Assocs., L.P., 507 U.S. 380, 395 (1993)).

Rule 60 also provides for a catchall provision that permits the Court to grant relief from a final judgment "for any other reasons that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is "exceedingly rare" and "does not offer an unsuccessful litigant an opportunity 'to take a mulligan.'" Federal Rules Civil Handbook, Rule 60, Reason 6 (quoting Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007)). "Even then, whether to grant the requested relief is a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006)(quotation and alteration marks omitted).

Plaintiff seeks reconsideration of the Court's July 25, 2012 Order dismissing Plaintiff's case without prejudice pursuant to Local Rule 1.03(e)(M.D. Fla. 2009) and for Plaintiff's failure to comply with the Court's June 20, 2012 Order. In the motion for reconsideration, Plaintiff states that he filed copies of his

prisoner account information as soon as he received the copies. See Doc. #14 at 1. Plaintiff states he did not file a motion for an extension of time to comply with the Court's order as a result of "excusable neglect" because he has four other pending § 1983 cases. Id. Plaintiff also claims that the institution denied him mailing supplies since July 11, 2012. Id. at 2. By separate motion, Plaintiff explains that he did not file a copy of his 6-month prisoner account statement because he has not received a copy from the Department of Corrections. Doc. #15 at 1-2. Plaintiff requests that the Clerk of Court gather a copy of his prisoner account statement on his behalf. Id. at 2.

The Court finds Plaintiff's motion for reconsideration lacks merit. On June 20, 2012, the Court entered an Order directing Plaintiff to either pay the requisite $350.00 filing fee, or file a motion for leave to proceed *in forma pauperis*. Plaintiff received the Court's Order, but failed to comply with the Order in its entirety. Instead, Plaintiff mailed other pleadings to the Court including an emergency motion on July 5, 2012, and a motion for reconsideration regarding a different matter on July 23, 2012. See docket. Thus, Plaintiff clearly had access to mailing supplies.

ACCORDINGLY, it is hereby

**ORDERED:**

   1.   Plaintiff's "motion for reconsideration" (Doc. #14) is **DENIED**.

   2.   Plaintiff's "motion for clerk's assistance" (Doc. #15) is **DENIED**.

   **DONE AND ORDERED** at Fort Myers, Florida, on this   15th   day of October, 2012.

                                        /s/ John E. Steele
                                        JOHN E. STEELE
                                        United States District Judge

SA: alj
Copies: All Parties of Record